**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BENCHOFF, *pro se*, | |
| Petitioner, | CIVIL ACTION NO. 3:03-CV-0740 |
| v. | |
| RAYMOND COLLERAN, et al., | (JUDGE CAPUTO) |
| Respondents. | |

**MEMORANDUM**

Presently before the Court are Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), Petitioner's Motion for Expansion of the Record (Doc. 61), Petitioner's Motion for Leave of Court to Conduct Discovery In Accordance with 28 U.S.C. § 2254, Rule 6 (Doc. 71), Petitioner's Motion for Summary Judgment filed on March 3, 2006 (Doc. 84), and Petitioner's Motion to Enforce Rule 23(a) (Doc. 96). For the following reasons, I will deny Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), as well as the other motions before the Court (Docs. 61, 71, 84, 96).

**BACKGROUND**

On August 15, 1995, Petitioner was convicted of two counts of interference with the custody of children, 18 PA. CONN. STAT. ANN. § 2904, and burglary, 18 PA. CONN. STAT. ANN. § 3502. Petitioner received an aggregate term of incarceration of not less than six years to not more than thirty-two years. The Board first interviewed Petitioner in September 2000. The Board denied Petitioner's request to be released on parole. The Board also subsequently denied Petitioner's request for parole in September 2001,

September 2002, October 2002, October 2003, December 2004, and October 2005.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on May 2, 2003, which the Court referred to Magistrate Judge Blewitt.  Respondents filed an Answer to the Petition on March 22, 2004.  (Doc. 32.)  On April 6, 2004, Petitioner filed a Traverse to Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. 35).

In the Petition (Doc. 1) and Petitioner's Traverse (Doc. 35), Petitioner argues that the Board's denial[1] of his request for parole violates the *Ex Post Facto* Clause of the United States Constitution.  Specifically, Petitioner argues that the 1996 amendment to 61 PA. CONN. STAT. ANN. § 331.1 constitutes a change in Pennsylvania law by placing considerations of public safety above those of the incarcerated individual.  Additionally, Petitioner argues that he has been individually disadvantaged by the enactment of the Act of October 11, 1995, P.L. 1058, which amended Section 9714 of the Sentencing Code, 42 Pa. C.S. § 9714, to add burglary as a "crime of violence" for mandatory minimum sentence purposes.  Petitioner, therefore, claims that the Act violates the *Ex Post Facto* Clause because the Board has treated him differently for parole purposes because Section 9714 now defines his crime as a crime of violence.

Magistrate Judge Blewitt subsequently issued a Report and Recommendation on June 23, 2004.  (Doc. 40.)  Respondents then submitted Respondent's Objections to Report and Recommendation of Magistrate Judge (Doc. 41), to which Petitioner filed a

---

[1]  The Court notes that Petitioner challenges the decisions of the Board prior to the October 21, 2005, denial.  However, upon a finding that the Board's denial of parole violated the *Ex Post Facto* clause, the appropriate remedy would be a directive that the Board hold a new hearing.  *See, e.g., Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003).  As a result, Petitioner's challenges to the Board's decisions in 2000, 2001, 2002, 2003, and 2004 are rendered moot by the fact that subsequent parole hearings were conducted.  Therefore, only the Board's 2005 denial is at issue.

2

timely reply (Doc. 51). Pending review of the Report and Recommendation by the Court, Petitioner filed a Motion for Summary Judgment on October 14, 2004 (Doc. 56) and a Motion for Expansion of the Record (Doc. 61) to include a new claim alleging retaliation against Petitioner for the filing of his habeas petition.

On February 2, 2005, the Court rejected Magistrate Judge Blewitt's Report and Recommendation. (Doc. 65.) The Court determined that Petitioner had presented a mixed petition. *Id.* Petitioner's Petition For Review in the Nature of a Writ of Mandamus submitted to the Pennsylvania Commonwealth Court only raised his *ex post facto* claim based on *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003) and 61 PA. CONN. STAT. ANN. § 331.1. (Doc. 32, Ex. A-6; Doc. 62.) Petitioner had never presented his *ex post facto* claim relating to his designation as a violent offender in a Pennsylvania court. (Doc. 65.) However, because outright dismissal would have precluded Petitioner from filing a post-exhaustion petition within the statutory period, the Court stayed the proceedings pending Petitioner's exhaustion of his claim regarding his classification as a violent offender. *Id.*

Petitioner filed a Petition For Review in the Nature of a Writ of Mandamus with the Pennsylvania Commonwealth Court raising his *ex post facto* claim relating to his designation as a violent offender. On August 16, 2005, the Pennsylvania Commonwealth Court denied Petitioner relief, determining that Petitioner had "failed to plead facts regarding any increased risk of greater punishment by virtue of the respondents' alleged classification of him as a violent offender", and further determining that even if "the classification has affected his parole, [the] decision in *Myers* [*v. Ridge*, 712 A.2d 791 (Pa. Cmwlth. 1998)] holds that the change in voting rules was procedural and thus not a

violation of the ex post facto clause." (Doc. 85, Ex. A-1.) Petitioner filed a Notice of Appeal with the Pennsylvania Supreme Court, and on February 21, 2006, Petitioner received notification denying him relief. (Doc. 85, Ex. D-1.)

While Petitioner's case was stayed pending exhaustion, on September 21, 2005, Petitioner filed a Motion for Leave of Court to Conduct Discovery In Accordance with 28 U.S.C. § 2254, Rule 6 (Doc. 71). Further, on February 14, 2006, Petitioner was transferred from the State Correctional Institution ("SCI") at Waymart, Pennsylvania ("SCI Waymart") in the Middle District of Pennsylvania, to the SCI at Dallas, Pennsylvania ("SCI Dallas") in the Middle District of Pennsylvania.

On March 3, 2006, following exhaustion of Petitioner's claims, Petitioner filed a Motion to Resume Case and a Motion for Summary Judgment (Doc. 84). Petitioner filed a Brief in Support of his Motion for Summary Judgment (Doc. 85) and Respondents filed a Brief in Opposition to Petitioner's Motion for Summary Judgment (Doc. 90). Petitioner then filed a Reply Brief (Doc. 93). On August 16, 2006, Petitioner filed a Motion to Enforce Rule 23(a) (Doc. 96), requesting that he be returned to SCI Waymart because the Superintendent of SCI Dallas is not named as a respondent in his Petition.

The Petition (Doc. 1) is now ripe and ready for disposition.

## DISCUSSION

**1.    AEDPA**

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States. . . ."  § 2254(d)(1).

An "adjudication on the merits" has a well-settled meaning: "a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004).  "Contrary to" and "unreasonable application" have independent meanings.  *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the "contrary to" clause, "a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Id.* at 412-13; *see also Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000).  On the other hand, under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal rule from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the particular case."  *Williams*, 529 U.S. at 407.  The "unreasonable application" test is objective.  *Id.* at 410-11 ("[A] federal habeas court may not issue the writ simply because the court concludes... that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.").

If the district court determines that a claim was not adjudicated on the merits in state court, § 2254(d) does not apply.  *Chadwick*, 312 F.3d at 605-07.  In that case, "the federal habeas court must conduct a *de novo* review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA."  *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).  However, a district court reviewing a

motion for writ of habeas corpus shall presume that factual determinations made by a state court are correct. § 2254(d). The petitioner has the burden of rebutting the presumption of correctness with clear and convincing evidence. § 2254 (e)(1); *see also Campbell v. Vaughn*, 209 F.3d 280, 285 (3d Cir. 2000).

2.     **Ex Post Facto Claims**

   a.     **Section 331.1**

With respect to Petitioner's claim that the application of amended section 331.1 violates the *Ex Post Facto* clause of the United States Constitution, the Court finds that this claim was adjudicated on the merits in state court. The Commonwealth Court of Pennsylvania denied Petitioner's claim relying on *Reynolds v. Pennsylvania Board of Probation and Parole*, 809 A.2d 426 (Pa. Commw. Ct. 2002). (Doc. 32, Ex. C.)

In addition, the state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Furthermore, even if the state court adjudication had resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law , Petitioner's *ex post facto* claim regarding section 331.1 is without merit.

Petitioner's claim is based on *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003), *cert. denied*, _ U.S. _, 124 S. Ct. 229 (2003). There, the United States Court of Appeals for the Third Circuit ruled that application of amended section 331.1 to individuals who committed criminal acts prior to the enactment of the amendment constitutes a violation of the *Ex Post Facto* clause. *Id.* at 386. The *Mickens-Thomas* Court held that the 1996 amendment to section 331.1 prompted the Board to adopt

policies that made public safety the predominant concern in making parole decisions, whereas previously, public safety had been but one of a multitude of factors considered by the Board. *Id.* at 385. ("The evidence here demonstrates that since 1996, the Board has given special weight to the risk of public safety.")

The *Mickens-Thomas* Court, however, acknowledged the decision of the Pennsylvania Supreme Court in *Winklespecht v. Pennsylvania Board of Probation & Parole*, 813 A.2d 688 (Pa. 2002). There, the Pennsylvania Supreme Court held that the change in the statutory language of 331.1 did not constitute an abandonment of the criteria previously considered by the Board in rendering decisions on parole applications. The Pennsylvania Supreme Court reasoned that because "'protect[ing] the safety of the public'" and "'assist[ing] in the fair administration of justice'" had always been considered in the parole application process, the 1996 amendment to section 331.1 had not substantively changed the criteria for parole. Nonetheless, the *Mickens-Thomas* Court ruled that because the Board did not have the benefit of *Winklespecht* when it made its decision, it ordered the Board to reconsider Mickens-Thomas' application for parole using pre-1996 standards. *Mickens-Thomas*, 321 F.2d at 393.

In light of *Winklespecht,* a majority of courts in this district have rejected *ex post facto* claims premised on the holding of *Mickens-Thomas* where the Board rendered a decision after the Pennsylvania Supreme Court clarified the effect of the amendment to section 331.1 in *Winklespecht*. *See Long v. Pennsylvania Bd. of Prob. and Parole*, No. 04-0699, 2004 U.S. Dist. LEXIS 28617 (M.D. Pa. Dec. 29, 2004) (Caldwell, J.); *Tucker v. Patrick*, No. 04-1232, 2004 U.S. Dist. LEXIS 29462 (M.D. Pa. Dec. 7, 2004) (Vanaskie, C.J.); *Grob v. Pa. Bd. of Prob. & Parole*, No. 04-0275, 2004 U.S. Dist. LEXIS 28747

7

(M.D. Pa. Oct. 29, 2004) (Nealon, J.); *Schaeffer v. Pa. Bd. of Prob & Parole*, No. 04-1159, 2004 U.S. Dist. LEXIS 29306 (M.D. Pa. Oct. 26, 2004) (Munley, J.)). These courts reason that where the Board rendered a decision after *Winklespecht*, it did so with the knowledge that it should not give any more weight to considerations of public safety then any of the other factors under consideration. *See, e.g., Schaeffer*, 2004 U.S. Dist. LEXIS 29306, at *12. These courts further reasoned that where there is evidence that the Board is in fact given due consideration to factors other then public safety, no *ex post facto* violation has occurred. *See, e.g., Tucker,* 2004 U.S. Dist. LEXIS 29462, at *14-16.

The Court finds the reasoning of the majority persuasive and finds no *ex post facto* violation in the instant matter. Because the Board denied Petitioner's application on October 21, 2005, it rendered its decision with the benefit of the Pennsylvania Supreme Court's holding in *Winklespecht*. Moreover, in the Notice of Board Decision the Board indicated that it denied Petitioner parole due in part to "reports, evaluations and assessments concerning [Petitioner's] physical, mental and behavioral condition and history," Petitioner's " need to participate in and complete additional institutional programs," and Petitioner's "interview with the hearing examiner and/or Board member." (Doc. 90, Ex. 8.) Consequently, it appears that the Board did in fact rely on pre-1996 factors when it denied Petitioner's application and did not place undue weight on considerations of public safety. Therefore, the Petition will be denied insofar as it claims that the Board violated the *Ex Post Facto* clause by utilizing amended section 331.1.

**b.     Violent Offender Classification**

Petitioner's *ex post facto* claim regarding his classification as a violent offender was also adjudicated on the merits in state court. Petitioner filed a Petition For Review in

8

the Nature of a Writ of Mandamus with the Pennsylvania Commonwealth Court raising his *ex post facto* claim relating to his designation as a violent offender. On August 16, 2005, the Pennsylvania Commonwealth Court denied Petitioner relief, determining that Petitioner had "failed to plead facts regarding any increased risk of greater punishment by virtue of the respondents' alleged classification of him as a violent offender", and further determining that even if "the classification has affected his parole, [the] decision in *Myers* [*v. Ridge*, 712 A.2d 791 (Pa. Cmwlth. 1998)] holds that the change in voting rules was procedural and thus not a violation of the ex post facto clause." (Doc. 85, Ex. A-1.)

The state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. At the time of Petitioner's conviction, the Parole Act permitted the Board to make parole decisions either by a majority of the entire Board or "in panels of two persons. . .consist[ing] of one Board member and one hearing examiner or of two board members." 61 PA. STAT. ANN. § 331.4(b). In support of his claim, Petitioner alleges that the Board has a practice of requiring that three Board Members vote on all violent offender cases, while non-violent offender cases can be voted on by a two person panel. (Doc. 36, Ex. C.) Each of Petitioner's parole reviews, from 2000 to 2005, were made by a two person panel, rather than by a majority vote of the entire Board or by a three-member vote. (Doc. 90-2, ¶¶ 8-13.) Thus, Petitioner does not explain how his alleged classification as a violent offender by the Board has increased his risk of greater punishment.

### i.     Motion for Leave of Court to Conduct Discovery

Petitioner seeks leave to conduct discovery related to the effects of his alleged

9

classification as a violent offender. Petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing § 2254 cases provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*Id.*

In *Harris v. Nelson*, 394 U.S. 286 (1969), the Supreme Court stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 299. Rule 6(a) is meant to be "consistent" with *Harris*. *Bracy*, 520 U.S. at 908-09.

In the present case, Petitioner has not demonstrated "good cause" for the discovery requested. There is no indication that the proposed discovery will allow Petitioner to demonstrate that he faced any increased risk of greater punishment by virtue of the alleged classification. Therefore, I will deny Petitioner's Motion for Leave of Court to Conduct Discovery In Accordance with 28 U.S.C. § 2254, Rule 6 (Doc. 71).

As discussed above, Petitioner's *ex post facto* claim regarding his classification as a violent offender was adjudicated on the merits in state court, and that adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, the Petition will be denied insofar as it claims that Petitioner's alleged classification as a violent offender violated the *Ex Post Facto*

10

clause.

### 3.  Retaliation Claim

Petitioner, in his briefs in support of his Motion for Summary Judgment filed on October 14, 2004 (Doc. 61), argued for the first time that the Board had retaliated against Petitioner for having filed his habeas petition by adding a program in domestic violence prevention to Petitioner's parole plan.  Plaintiff then filed a Motion for Expansion of the Record (Doc. 61) to include evidence supporting his new claim for retaliation.

Rule 7(a) of the Rules Governing § 2254 cases provides:

> If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials *relating to the petition*.  The judge may require that these materials be authenticated.

*Id* (emphasis added).

In the present case, Petitioner's prosed claim for retaliation does not relate to his Petition.  Petitioner's Petition raised only his *ex post facto* claims.  Therefore, I will deny Petitioner's Motion for Expansion of the Record (Doc. 61).  As discussed above, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) will be denied.  As such, I will also deny Petitioner's Motion for Summary Judgment filed on March 3, 2006 (Doc. 84).  Lastly, Petitioner's remaining Motion to Enforce Rule 23(a) (Doc. 96) will be denied as moot and the clerk of court will be directed to mark this case closed.

## CONCLUSION

Petitioner's Motion for Leave of Court to Conduct Discovery In Accordance with 28 U.S.C. § 2254, Rule 6 (Doc. 71) will be denied.  Further, Petitioner's Motion for Expansion of the Record (Doc. 61) will be denied.

Petitioner *ex post facto* claims were adjudicated on the merits in state court and

11

that adjudication did not in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  Therefore, the Petition for Writ of Habeas Corpus (Doc. 1) will be denied.  Considering the denial of the Petition, I will also deny Petitioner's Motion for Summary Judgment filed on March 3, 2006 (Doc. 84).  Petitioner's remaining Motion to Enforce Rule 23(a) (Doc. 96) will be denied as moot.

     An appropriate Order follows.


 August 25, 2006                                              /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BENCHOFF, *pro se*, | |
| Petitioner, | NO. 3:03-CV-0740 |
| v. | (JUDGE CAPUTO) |
| RAYMOND COLLERAN, et al., | |
| Respondents. | |

## ORDER

**NOW**, this ___25th___ day of August, 2006, **IT IS HEREBY ORDERED** that:

a. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**;

b. Petitioner's Motion for Expansion of the Record (Doc. 61) is **DENIED**;

c. Petitioner's Motion for Leave of Court to Conduct Discovery In Accordance with 28 U.S.C. § 2254, Rule 6 (Doc. 71) is **DENIED**;

d. Petitioner's Motion for Summary Judgment filed on March 3, 2006 (Doc. 84) is **DENIED**;

e. Petitioner's Motion to Enforce Rule 23(a) (Doc. 96) is **DENIED as moot**;

f. The Clerk of Court is directed to mark this case **CLOSED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge